**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RICHARD ANTHONY HEMPHILL**                            **CIVIL ACTION**

**VERSUS**                                                            **NO. 07-5565**

**ST. TAMMANY PARISH**                                    **SECTION "A" (3)**
**CORONERS OFFICE, ET AL.**

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiff, Richard Anthony Hemphill, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against the St. Tammany Parish Coroner's Office, Dr. Peter Galvan, Dr. Richard Inglese, and Dr. Benscek. The St. Tammany Parish Coroner's Office and Dr. Galvan have filed a motion to dismiss the claims against them pursuant to Fed.R.Civ.P. 12(b)(6).[1] For the following reasons, the undersigned recommends that the motion be granted.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted). Accordingly, Rule 12(b)(6) allows defendants to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In

---

[1] Rec. Doc. 13.

ruling on a 12(b)(6) motion, federal courts "must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff. Nevertheless, we do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." Central Laborers' Pension Fund v. Integrated Electrical Services, Inc., 497 F.3d 546, 550 (5th Cir. 2007) (citations, quotation marks, and brackets omitted).  In light of recent United States Supreme Court jurisprudence, the United States Fifth Circuit Court of Appeals has noted:

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is *plausible on its face*.  Factual allegations must be enough to raise a right to relief *above the speculative level*, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (emphasis added) (citation, footnote, and quotation marks omitted), cert. denied, 76 U.S.L.W. 3438 (U.S. Feb 19, 2008).

In the instant case, plaintiff claims that he has not received adequate medical care while incarcerated at the St. Tammany Parish Jail.  In their motion to dismiss, the St. Tammany Parish Coroner's Office and Dr. Peter Galvan, who serves as the coroner of St. Tammany Parish, note that they are improper defendants because, *inter alia*, they have no legal responsibility for the medical care of inmates at the St. Tammany Parish Jail.

Under Louisiana law, the parish governing authority must appoint a physician or contract with a health care provider to provide medical care to prisoners in the parish jail, while the sheriff, as the keeper of the parish jail, then has the day-to-day responsibility to run the jail and ensure that inmates receive proper treatment, including adequate medical care. See La.Rev.Stat.Ann. §§ 15:703 and 704; Oladipupo v. Austin, 104 F.Supp.2d 626, 641 (W.D. La. 2000); Jones v. St. Tammany

Parish Jail, 4 F.Supp.2d 606, 613 (E.D. La. 1998); Langley v. City of Monroe, 582 So.2d 367, 368 (La. App. 2nd Cir. 1991); Amiss v. Dumas, 411 So.2d 1137, 1141 (La. App. 1st Cir. 1982).  A parish coroner's office has no automatic responsibility for the medical care of the prisoners at a parish jail.

In his response to defendants' motion, plaintiff essentially concedes that the St. Tammany Parish Coroner's Office and Dr. Peter Galvan were improperly named as defendants in this lawsuit, noting that he was misled by the correctional officers into believing that the jail's medical services were provided by the Coroner's Office.[2]  However, because it is evident that those defendants in fact have no responsibility for the medical care of the inmates at the St. Tammany Parish Jail, the motion to dismiss should be granted and the claims against them should be dismissed with prejudice.[3]

The undersigned specifically notes that this recommendation in no way affects plaintiff's claims against Dr. Richard Inglese and Dr. Benscek.  Dr. Inglese admits in his answer that he is the Medical Director of the St. Tammany Parish Jail,[4] and plaintiff has submitted documentation which appears to indicate that he has been treated by both Dr. Inglese and Dr. Benscek at the jail.[5]  Accordingly, at least at this point, it appears that Drs. Inglese and Benscek are appropriate defendants with respect to plaintiff's claims.

---

[2]   Rec. Doc. 21.

[3]   In light of the fact that those defendants have no responsibility for and cannot be held liable for the medical care of inmates at the parish jail, the Court need not address the alternative grounds for dismissal argued in defendants' motion.

[4]   Rec. Doc. 11.

[5]   Rec. Doc. 21.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that motion to dismiss filed by the St. Tammany Parish Coroner's Office and Dr. Peter Galvan be **GRANTED**. **IT IS FURTHER RECOMMENDED** that the plaintiff's claims against those defendants be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-eighth day of February, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**