UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD ANTHONY HEMPHILL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-5565** |
| **ST. TAMMANY PARISH CORONERS OFFICE, ET AL.** | **SECTION: "A" (3)** |

**O R D E R**

Plaintiff has filed a "Motion to Produce Records." Rec. Doc. 44. That motion is **GRANTED IN PART AND DENIED IN PART** as follows.

In his motion, plaintiff alleges that R. Bradley Lewis, defense counsel, failed to produce some jail records as previously ordered. The Court notes that Mr. Lewis has previously produced two sets of records, both of which were sent to plaintiff and filed into this federal record. Nevertheless, out of an abundance of caution and to put an end to this ongoing dispute over the production of plaintiff's jail records, **IT IS ORDERED** that Mr. Lewis make one final investigation to ensure that he has produced (1) all of plaintiff's medical records from the St. Tammany Parish Jail and (2) all request forms, complaints, grievances, and letters plaintiff has written to the officials at the St. Tammany Parish Jail. If all such records have been produced, Mr. Lewis is directed to file a statement to that effect in this federal record. If additional records are located, Mr. Lewis is directed to forward copies of those documents to plaintiff <u>and</u> to the Court within <u>fifteen</u> days. **Once**

**Mr. Lewis has complied with this order, the Court will entertain no further motions from plaintiff on this matter unless he can produce some colorable evidence showing that Mr. Lewis in fact withholding records.**

Plaintiff also seems to allege that some records from outside sources were omitted from the medical records previously produced by the B.B. "Sixty" Rayburn Correctional Center and/or the St. Tammany Parish Jail. This Court has no reason to believe that is the case. In any event, if plaintiff wishes to obtain medical records from those outside sources, he may purchase such records directly from the outside sources.[1]

In light of the fact that plaintiff is incarcerated and prosecuting this action *pro se*, the Court has been patient with his repeated requests for production of records. However, the Court has assisted plaintiff in obtaining a substantial amount of records, all of which have been filed into this federal record. To the extent that it is possible, the Court has made efforts to ensure that those records are complete. Further, the Court has explained that third parties will not be required to

---

[1] Although plaintiff has been granted pauper status in this litigation, that status does not entitle him to have either the Court or non-parties underwrite his discovery expenses. See Badman v. Stark, 139 F.R.D. 601, 604-05 (M.D. Pa. 1991); see also Singletary v. St. Tammany Parish Sheriff's Office, Civ. Action No. 05-299, 2005 WL 3543826 (E.D. La. Nov. 17, 2005). Plaintiff could, of course, request that the Court issue a subpoena duces tecum for such records; however, it would be inappropriate for the Court to issue such a subpoena where, as here, plaintiff has made no provision for the costs of discovery. Badman, 139 F.R.D. at 605. In Badman, the court explained:

> The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*. That the court may order a discovering party to pay the reasonable costs of a non-party's compliance with a subpoena *duces tecum* finds support among said Rules.

Id. (citations omitted).

provide plaintiff with further records at no cost. In light of the foregoing, the Court is of the belief that no further direct intervention is necessary to assist plaintiff in securing medical records.

New Orleans, Louisiana, this seventh day of November, 2008.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**