UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD ANTHONY HEMPHILL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-5565** |
| **ST. TAMMANY PARISH CORONER'S OFFICE** | **SECT. A, MAG. 3** |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THIS HONORABLE COURT:**

This memorandum is submitted in support of the Motion for Summary Judgment filed on behalf of defendants Dr. Richard Inglese, Medical Director of the St. Tammany Parish Jail, and Dr. Gary Benscek. It is respectfully submitted that this motion brought on behalf of defendants should be granted because the pleadings and affidavits submitted in support of this motion and on file with this Court show that there is no material issue of fact and defendants are entitled to Judgment as a matter of law.

## I.   FACTS

Plaintiff Richard Hemphill filed this federal *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging in his complaint that he has been denied proper medical treatment while incarcerated at the St. Tammany Parish Jail. Plaintiff alleges that he had stitches in his face and mouth and that he was under a doctor's care at the time of his arrival at the jail on January 19, 2007. Plaintiff claims that he has not received the "proper medication as prescribed" and the medical staff has denied him treatment and refused to send him to have his vision and face corrected. However, to the contrary and by plaintiff's own admission, plaintiff has in fact been treated by the jail medical staff and has been sent to both an ophthalmologist at Lallie Kemp Hospital and an ENT surgeon at Earl K. Long.  Therefore, it is clear by a reading of plaintiff's complaint, he has received medical treatment but disagrees with the treatment he has received.

Plaintiff correctly pleads in his original complaint that there was a grievance procedure in place at the jail (Paragraph IIA of plaintiff's complaint) and alleges that he has presented the facts relating to his complaint through the jail's grievance procedure (Paragraph IIB of plaintiff's complaint). Plaintiff further asserts in his complaint that he exhausted all his administrative remedies prior to filing his lawsuit but fails to attach purported grievances of responses as instructed by the *pro se* complaint form.  In fact, no such documents are found in plaintiff's jail medical record. It is an undisputed fact that plaintiff did not file any grievance regarding the medical care (or lack thereof) he received from the St. Tammany Parish Jail medical department; therefore, plaintiff's lawsuit should dismissed since he failed to exhaust his administrative remedies as required by 42 U.S.C § 1997e(a) prior to filing his lawsuit.

In addition to failing to exhaust his administrative remedies, plaintiff's claim that he was denied proper medical treatment still fails against these defendants because the undisputed facts

2

show that he cannot prove a violation of his civil rights. Furthermore, the uncontested facts show that plaintiff was not denied proper medical treatment, but to the contrary, the plaintiff received appropriate medical care.

Under the policies and procedures of the St. Tammany Parish Jail as established by Sheriff Strain, an inmate can request medical attention from the medical department in several different ways, including filling out a medical request form and dropping it in a box where the forms are then picked up by the medical department and not seen by any deputy, by asking a deputy to be taken to the medical department, or by asking a nurse from the medical department who comes on each tier or dormitory of the jail three times a day. The St. Tammany Parish Jail has a complaint procedure and grievance procedure in place and any complaint or grievance received concerning medical treatment provided to inmates at the St. Tammany Parish Jail is forwarded directly to the medical department for their response in accordance with the jail's grievance procedure.

The affidavit of Dr. Richard D. Inglese clearly establishes that plaintiff Richard Hemphill did in fact receive appropriate medical care and plaintiff's jail medical records show that he was seen numerous times by doctors and other medical personnel who were not indifferent to his medical needs.

Defendants respectfully bring this motion to show this Court that they are entitled to judgment as a matter of law on plaintiff's denial of proper medical treatment claims. In support of this motion, defendants have submitted the following documents as exhibits:

A. A certified copy of the St. Tammany Parish Jail medical records of plaintiff Richard Anthony Hemphill (previously filed into the record);

B. Affidavit of Dr. Richard D. Inglese; and

3

C. Affidavit of Deputy Warden Greg Longino with attached copy of the summary of complaint procedure and grievance procedure in place in January 2007 to present, and blank complaint form and forms used in the grievance process.

These documents show that there is no genuine issue as to material fact over whether inmate Richard Hemphill exhausted the administrative remedies that were available to him prior to filing his lawsuit. The affidavit of Deputy Warden Longino and the jail medical record of plaintiff establish without doubt that plaintiff failed to exhaust his administrative remedies concerning his denial of medical treatment prior to filing his lawsuit. Therefore, defendants' motion for summary judgment should be granted and plaintiff's claims against defendants Dr. Richard Inglese and Dr. Gary Benscek should be dismissed.

## II.     LAW AND ARGUMENT

### A.     STANDARD FOR GRANTING SUMMARY JUDGMENT

Summary Judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); and *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2305, 91 L.Ed. 202 (1986). The *Celotex* case makes it absolutely clear that after adequate time for discovery, summary judgment should be granted when plaintiff has failed to establish an element essential to the claim and there are no genuine issues of material fact:

> In our view, the plain language of Rule 56c mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex* at 273.

It is respectfully submitted that summary judgment should be granted since plaintiff has failed to present any facts, through discovery or otherwise, to support his claim that he was denied proper medical treatment. In addition, plaintiff has failed to prove that he had exhausted all administrative remedies available to him as required by 42 U.S.C. § 1997e(a) before filing his federal lawsuit. Clearly, plaintiff has established no genuine issue of material fact in this matter to support his claims against these defendants and therefore, defendants are entitled to summary judgment as a matter of law.

### B.  PLAINTIFF FAILED TO EXHAUST ALL ADMINISTRATIVE REMEDIES AVAILABLE TO HIM BEFORE FILING SUIT

As shown by plaintiff's jail medical record and the affidavit of Deputy Warden Longino (Exhibit C), plaintiff has failed to exhaust all the administrative remedies available to him at the St. Tammany Parish Jail before filing his complaint. The applicable provision of the Prison Litigation Reform Act of 1996 is 42 U.S.C. § 1997e(a), which reads as follows:

> No action shall be brought with respect to prison conditions under § 1983 of this title or any other law or any other Federal law by a prisoner confined in a jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

In *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998), the Fifth Circuit, while holding that the requirement to exhaust administrative remedies was not jurisdictional, held that if a plaintiff had not exhausted his administrative remedies, dismissal **with prejudice** was the correct action under the statute. The court pointed out that if a plaintiff filed suit before exhausting his administrative remedies, then plaintiff sought relief to which he was not entitled.

The Fifth Circuit in *Wendell v. Asher,* 162 F.3d 887 (5th Cir. 1998), held that "prison condition" actions required the application of the exhaustion requirements set forth in §

5

1997e(a).  In *Booth v. Churner,* 532 U.S. 731; 121 S.Ct. 1819; 149 L.Ed.2d 958 (2001), the Supreme Court upheld the district court's dismissal of plaintiff's § 1983 by holding that exhaustion of all remedies was mandatory prior to filing his suit.  The Court further held that exhaustion was required regardless of the relief available or sought.

Although *Booth* is a case dealing with a prisoner's excessive force claim, the Fifth Circuit has made it clear on several occasions that *Booth* expressed that exhaustion of available remedies are required regardless of the nature of the prisoner's claim about the correctional facility and regardless of the relief the prisoner seeks:

> Quibbles about the nature of a prisoner's complaint, the type of complaint, the type of remedy sought, and the sufficiency or breadths of prison grievance procedures were laid to rest in *Booth.*

*Wright v. Hollingsworth,* 260 F.3d 357 (5th Cir. 2001).

The United States Supreme Court in *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), made it clear that in cases involving a prisoner's condition of confinement, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  The Fifth Circuit cites *Porter* in its decision in *Clifford v. Gibbs, et al.,* 2002 U.S. App. LEXIS 13903, *citing Porter v. Nussle,* 534 U.S. 516 (2002), affirming this Court's decision dismissing a failure to protect case for failure to exhaust administrative remedies.

Plaintiff correctly asserts in his complaint that there was a prisoner grievance procedure in place at the St. Tammany Parish Jail and further claims that he presented the facts relating to his complaint through the jail's administrative grievance procedure but fails to attach any grievance or appeal of his grievance to the Warden or Sheriff as instructed by the *pro se* complaint form.  Plaintiff even admits in his complaint that he did not follow the steps of the jail's administrative remedy procedure by asserting that he never received a "response to the

6

request for the ARP." In fact, plaintiff's jail medical record and affidavit of Deputy Warden Longino establish that plaintiff never submitted any such grievance through the jail's administrative remedy procedure and furthermore, plaintiff never appealed any decision by the first level respondent to the Warden or the Sheriff as required by the procedure.

As stated in the affidavit of Deputy Warden Longino, the St. Tammany Parish Jail had an inmate complaint procedure and an administrative remedy procedure in place at the St. Tammany Parish Jail at the time the alleged incident occurred and that these procedures are found in the inmate handbook that is given to every inmate that is booked into the St. Tammany Parish Jail. Deputy Warden Longino's affidavit further establishes that both the complaint procedure and grievance procedure are also posted in every housing unit at the jail, including the housing unit where inmate Hemphill was housed in January 2007. In addition, the affidavit of Deputy Warden Longino establishes that at the time the events giving rise to this lawsuit occurred, copies of the complaint forms and grievance forms were available in all housing areas of the jail, including the area where Hemphill was being housed.

It is respectfully submitted that plaintiff only submitted one complaint concerning his claim that he has been denied medical treatment at the jail and plaintiff never submitted a grievance or appeal of any such grievance concerning his claim that he has been denied of medical treatment. These facts are supported by the affidavit of Dr. Richard Inglese. Although plaintiff alleges in his complaint that he submitted a grievance concerning his claim, plaintiff's jail medical record contains no such grievance. Even if these alleged documents were found in plaintiff' jail medical record, the filing of grievance only initiates the jail's grievance process. Furthermore, Deputy Warden Longino denies in his affidavit ever receiving the purported grievance and it is an undisputed fact that plaintiff did not appeal Deputy Warden's response to the grievance (or lack thereof) and the filing of this alleged grievance at most initiated the

7

grievance process.  This fact is further supported by Deputy Warden Longino's affidavit as well as plaintiff's jail medical record, both of which clearly establish that plaintiff failed to comply with the provisions of 42 U.S.C. § 1997e(a) since he did not exhaust <u>all</u> his available remedies before filing his lawsuit.

Even assuming that plaintiff's claim that plaintiff had filed a grievance (which is denied), the filing of the purported grievance at most *initiated* the grievance procedure; however, it did not *exhaust* his remedies as required by 42 U.S.C. 1997e(a).  In *Underwood v. Wilson,* 151 F.3d 292, 294, (5th Cir. 1998)(*quoting* Webster's New Int'l Dictionary 796, (3rd ed. 1981)), the Fifth Circuit defined *exhaust* as "to take complete advantage of (legal remedies)."   Clearly, the filing of a First Step grievance does not constitute exhaustion since § 1997e(a) requires that an inmate "pursue the grievance remedy through conclusion" in a multi-step grievance process.  *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001).

This Court agreed that failure to receive a response does not relieve a prisoner from his obligation to pursue all available administrative remedies to their conclusion and granted defendants' motion for summary judgment and dismissed plaintiff's case based on plaintiff's failure to exhaust his administrative remedies and held as follows:

> **To allow plaintiff, who clearly did not proceed beyond the first step of the multi-step administrative remedy procedure, to proceed directly to federal court would undermine the congressional intent of § 1997e(a).**

*Cassisi v. St. Tammany Parish Medical Staff, et al.,* USDC, Eastern District, No. 01-3452 "J" (1) (emphasis supplied).

It is an undisputed fact that even if plaintiff had filed a grievance concerning his denial of medical treatment claims (which is denied), plaintiff failed to pursue any supposed grievance to the next step of the grievance process.  Therefore, it is clear that this Court should hold the same

in the instant case and grant defendants' motion for summary judgment and dismiss plaintiff's claims.

### C.  PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS THAT WOULD ESTABLISH A CIVIL RIGHTS CLAIM UNDER § 1983

Defendants are entitled to summary judgment not only on the issue of plaintiff's failure to exhaust his administrative remedies, but also because the uncontested facts clearly show that plaintiff cannot prove that his civil rights were violated.  The uncontested facts show that plaintiff was not denied proper medical treatment, but in fact received appropriate medical care. (*See*, Dr. Inglese's affidavit, Exhibit B).

Moreover, plaintiff fails to make any factual allegations that would allege a civil rights suit under 42 U.S.C. § 1983 regarding his denied medical treatment claims.  Plaintiff merely alleges facts that would at best constitute a state negligence medical malpractice case.  However, the civil rights laws should not be used as a substitute for a negligent medical malpractice case, which is exactly what plaintiff is trying to do in this case.  *Estelle v. Gamble,* 429 U.S. 97 (1976), *Hall v. Thomas*, 190 F.3d 693, 1999 WL 766347 (5th Cir. 1999).  In addition, the due process clause of the Fourteenth Amendment is simply not implicated by allegations of ordinary negligence.  *Daniel v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 663, 88 L. Ed. 2d 662, 666 (1986).

Dr. Inglese's affidavit clearly shows that plaintiff Richard Hemphill received appropriate medical care while incarcerated at the St. Tammany Parish Jail and that his dispute is over his medical treatment that he received.  Cleary, there is no indication that the doctors or other medical personnel acted with deliberate indifference toward plaintiff's medical needs.  At best, plaintiff has a state court malpractice claim against the doctors and this is the exact type of claim that *Estelle, v. Gamble, supra,* said could not be brought in federal court under § 1983.

Furthermore, plaintiff has not alleged that defendants adopted or implemented a policy that denied him medical care. Plaintiff's allegation is at best that he received medical care with which he disagrees and therefore, plaintiff has failed to state a claim under § 1983 and has not set forth any basis for Federal Subject Matter Jurisdiction.

## II.  CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Motion for Summary Judgment should be granted and a judgment should be entered dismissing all of plaintiff's claims against defendants Dr. Richard Inglese and Dr. Gary Benscek with prejudice at plaintiff's cost.

Respectfully submitted,

**TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.**

BY:  /s/ R. BRADLEY LEWIS
**R. BRADLEY LEWIS (T.A.) (#8657)**
4565 LaSalle St., Suite 300
Mandeville, LA  70471
(985) 624-5010
rbl@tahk.net
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participant: Richard Hemphill, #304199, Rayburn Correctional Center, 27268 Hwy. 21, Angie, Louisiana, 70426.

  /s/ R. BRADLEY LEWIS
R. BRADLEY LEWIS