# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD ANTHONY HEMPHILL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-5565** |
| **ST. TAMMANY PARISH CORONER'S OFFICE, ET AL** | **SECTION "A" (3)** |

## ORDER AND REASONS

Plaintiff, Richard Anthony Hemphill, filed this pro se civil action pursuant to 42 U.S.C. § 1983. Plaintiff named as defendants the St. Tammany Parish Coroner's Office, Dr. Peter Galvan, Dr. Richard Inglese, and Dr. Gary Benscek.[1] In this lawsuit, plaintiff claims that he has not received adequate medical care while incarcerated at the St. Tammany Parish Jail. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[2]

Defendants Inglese and Benscek have filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[3] Plaintiff has filed an opposition to defendants' motion.[4]

---

[1] The St. Tammany Parish Coroner's Office and Dr. Peter Galvan were earlier dismissed from this action pursuant to their motion to dismiss. See rec. doc. 28.

[2] Rec. doc. 34.

[3] Rec. doc. 50.

[4] Rec. doc. 59.

The principal purpose of Fed.R.Civ.P. 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 322-23.

The court has no duty to search the record for evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). "The party opposing summary judgment is required to identify specific evidence in the record and to

articulate the precise manner in which the evidence supports his or her claim." Id. Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

The instant motion for summary judgment is based, in part, on defendants' contention that plaintiff's claims must be dismissed because he failed to exhaust his administrative remedies prior to filing this lawsuit. Because exhaustion is in fact required by federal law, the court must consider defendants' contention.

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002).

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532 (emphasis added). The Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the

3

nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

In support of their motion for summary judgment, Inglese and Benscek have submitted an affidavit of Deputy Warden Gregory Longino regarding the Administrative Remedy Procedure at the St. Tammany Parish Jail. Longino stated in pertinent part:

1. I am a Deputy Sheriff of St. Tammany Parish and currently hold the position of Deputy Warden/Director of Inmate Affairs of the St. Tammany Parish Jail and because of my duties, I know the facts set forth in this Affidavit of my own personal knowledge.

2. I have been employed by the St. Tammany Parish Sheriff's Office since July of 1990. I am POST (Peace Officer Standards and Training) certified in corrections and basic law enforcement. I was promoted to Assistant Warden/Director of Inmate Affairs in 1996.

....

7. The St. Tammany Parish Jail has an administrative grievance process called the Administrative Remedy Procedure (ARP) in place and available to all inmates incarcerated at the St. Tammany Parish Jail and was available to all inmates in January 2007.

....

9. A summary of the jail's administrative remedy procedure may be found in the St. Tammany Parish Jail Inmate Handbook that is given to every inmate who is booked into the St. Tammany Parish Jail. I have certified and attached a true copy of the summary of the administrative remedy procedure as it appears in inmate handbook.

10. A copy of the complete administrative remedy procedure [may] also be found in the St. Tammany Parish Jail law library wherein access to the procedure is available to all inmates and was available to all inmates in January 2007.

....

14. To initiate the grievance process, an inmate must fill out the inmate grievance form, which is made easily accessible to all inmates at the jail. In lieu of the form, an

inmate may submit a written communication containing the words "This is a grievance through the ARP."

15. Under the grievance procedure available at the time of the alleged incident, a grievance must be filed within ninety (90) days from the date the incident giving rise to the grievance occurred. Any grievance filed more than ninety (90) days after the incident is untimely.

16. As the Lieutenant/Inmate Affairs Director, I am the First Level Respondent in the grievance process. As the First Level Respondent, I must respond to the inmate's grievance within fifteen (15) days from the date the request is referred to me. This step is designated as the First Step Review.

17. If an inmate is not satisfied with the results of the First Step Review, the inmate may appeal to the Warden within five (5) days of the inmate's receipt of the response by the First Level Respondent. This step is designated the Second Step Review. The Warden has twenty-five (25) working days to reply to the appeal.

18. If an inmate does not like the results of the Second Step Review, the inmate may appeal to the Sheriff within five (5) days of the inmate's receipt of the reply. The Sheriff has forty (40) working days to reply to the appeal.

19. If the inmate is not satisfied with the results of this final level of review of the jail's administrative grievance process, he may then file suit.

20. The inmate, Warden, or Sheriff may request a five (5) working day extension of time in responding to the grievance.

21. If an inmate does not receive a response to a grievance or appeal within the time allowed by the First Level Respondent, Warden or the Sheriff, an inmate would still be required to follow through to the next step of the grievance process.

22. I have attached a copy of the blank forms used in the administrative remedy procedure, which include the inmate grievance form used by inmates to initiate the administrative grievance process, the form used for the First Level Respondent's response to the grievance, the form used for the Warden's Review Decision, and the form used for the Sheriff's Review Decision.

23. In the case of an inmate complaint about medical care, inmate complaints and grievances are forwarded directly to the jail medical staff.

24. Neither the Sheriff, the Warden, I, nor any of [the] other Sheriff's deput[ies] have the authority to make medical decisions. Medical decisions are made by personnel in the jail's medical department.

25. The medical department has the responsibility of acting upon and responding to the inmate's grievance regarding medical care.[5]

Defendant Inglese has likewise submitted an affidavit in which he states in pertinent part:

1. I am Dr. Richard Demaree Inglese and I have a M.D. degree from the University of Pennsylvania School of Medicine and I am licensed to practice medicine in the state of Louisiana.
....

4. Among my other duties, I am the Medical Director of the St. Tammany Parish Sheriff's Office and I know the facts set forth in this affidavit of my own personal knowledge.
....

12. Inmate Richard Hemphill only submitted one complaint concerning the medical care he was receiving at the St. Tammany Parish Jail. That complaint was promptly dealt with by reviewing his medical records and a response was given to the inmate and he never submitted a grievance concerning his medical treatment in accordance with the St. Tammany Parish Jail's Administrative Remedy Procedure.

13. Any complaint or grievance submitted by an inmate concerning medical treatment is referred directly to the medical department and a member of the jail medical staff promptly responds to the complaint or grievance.

14. If an inmate is not satisfied with the response, the inmate may appeal the response to me and if he is still not satisfied with my response, he may then appeal to the Sheriff.

15. Inmate Richard Hemphill did not exhaust all his administrative remedies as required by the St. Tammany Parish Jail Remedy Procedure concerning his denial of medical treatment claim prior to filing his lawsuit.[6]

---

[5]Rec. doc. 50, Exhibit C.

[6]Rec. doc. 50, Exhibit B.

In his opposition memorandum, plaintiff attests that he attempted to complete the St. Tammany Parish Jail Remedy Procedure, but he was not provided with an administrative remedy procedure ("A.R.P.") form. Specifically, plaintiff states that in connection with an inmate complaint form which he mailed on "6-25-07", he requested an A.R.P. form. However, no A.R.P. form was ever sent to him. Plaintiff complains that his "complaint dated 6-25-07" "should not have been sent back to him with a response, it should have been sent back with an A.R.P. form as requested."[7] Because it was not, plaintiff contends that he was unable to exhaust his administrative remedies.

The United States Fifth Circuit Court of Appeals has noted: "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)). Therefore, the general rule is that a plaintiff's administrative remedies are not exhausted unless he has pursued the grievance remedy through conclusion of a multi-step administrative remedy procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Simply initiating the procedure by filing a first-step grievance is insufficient.

Additionally, the court notes that the full exhaustion of administrative remedies is mandatory and may not be excused based upon a claim of ignorance with regard to exhaustion requirements. Specifically, the United States Supreme Court has provided:

> Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." ...

---

[7]Rec. doc. 59, p. 2.

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

The fact that plaintiff was not provided with an A.R.P. form does not excuse him of his obligation to exhaust administrative remedies. As noted above, under St. Tammany's administrative remedy procedure, a prisoner is not required to use an A.R.P. form to initiate the prison's administrative remedy procedure. A prisoner need merely submit "a written communication containing the words "This is a grievance through the ARP.'"[8] It is undisputed that plaintiff failed to submit such a written communication.

For the foregoing reasons, the court finds that defendants Dr. Richard Inglese and Dr. Gary Benscek are correct in contending that plaintiff failed to exhaust his administrative remedies with respect to the claims asserted against them. Accordingly, their motion for summary judgment will be granted on that basis,[9] and plaintiff's claims will be dismissed without prejudice.

Accordingly,

---

[8] See supra at p. 5, enumerated entry 14.

[9] In light of that holding, the court need to address the alternative arguments advanced in defendants' motion.

**IT IS ORDERED** that the motion for summary judgment filed by Dr. Richard Inglese and Dr. Gary Benscek, rec. doc. 52, is **GRANTED** and the claims against those defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

**IT IS FURTHER ORDERED** that plaintiff's motion for additional documentation, rec. doc. 57, is **DENIED AS MOOT**.

New Orleans, Louisiana, this third day of February, 2009.

　　　　　　　　　　　　　　　　　　　　　　　　_Daniel E. Knowles, III_
　　　　　　　　　　　　　　　　　　　　　　　　**DANIEL E. KNOWLES, III**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**